UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ARAM PIERCE, | ) |
| | ) |
| Plaintiff, | ) Case: 1:24-cv-01214 |
| | ) |
| v. | ) |
| | ) |
| BELLA ELEVATOR, LLC., | ) |
| | ) Jury Trial Demanded |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff, Aram Pierce ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Bella Elevator ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking redress for Defendants race-based discrimination under Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

### ADMINISTRATIVE PREREQUISITES

4. All conditions precedent have been fulfilled or been complied with.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity

Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Aram Pierce resides in Woodford County, Illinois.

9. At all times material to the allegations in this Complaint, Defendant, Bella Elevator, LLC., is a corporation doing business in and for Woodford County, Illinois, whose address is 509 W. Front St. Suite B Roanoke, IL 61561.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as an assembler from February 2023 through May 9, 2023.

13. Since at least March 2023 through May 9, 2023, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has been subjected to a hostile work environment on the basis of race, violating Title VII and Section 1981.

14. Plaintiff is African American and is a member of a protected class because of their race whom Defendant subjected to different terms and conditions of employment than others not within his protected class.

15. Plaintiff was the only African-American working for Defendant at the time in which these events occurred.

16. Defendant's employees were required to adhere to an attendance policy which utilized a point system to address unexcused absences from work.

17. The policy requires that employees are given two points for each unexcused absence.

18. In addition to the points, employees were given a verbal warning at 4 points, a written warning at 6 points, and a discharge review meeting at 8 points.

19. On or around April 26, 2023, Plaintiff had two points for being absent from work.

20. On or about the following days, April 26 and 27, Plaintiff was absent from work due to a sinus infection.

21. Plaintiff provided doctor's notes to Defendant for those absences to be excused.

22. Although Defendant still gave Plaintiff points for his missed days, Plaintiff only had 6 points, which according to the Defendant's policy, only requires a written warning.

23. Plaintiff's non-African American co-workers were not given points when they provided a doctor's note to excuse the absence.

24. On or about April 28, 2023, Plaintiff was given another two points despite not being on the work schedule at all.

25. On or about May 1, 2023, Plaintiff was approved for time off to deal with family

medical issues.

26. Despite the time off being approved, Plaintiff was also given another two points.

27. Plaintiff's non-African American co-workers were not given points for absences when their time off was approved.

28. Approximately a week later, Plaintiff was terminated from his position

29. Plaintiff was never given a discharge review meeting, despite Defendant's policy outlining that anyone who received eight points would have a review meeting.

30. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of his employment.

31. Plaintiff was unlawfully terminated because of his race, (African-American) on May 9, 2023.

32. Plaintiff was targeted for termination because of his race.

33. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

34. There is a basis for employer liability for the race-based harassment that Plaintiff was subjected to.

**COUNT I**
**Violation of 42 U.S.C. § 1981**
**(Race-Based Discrimination)**

35. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

36. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all

benefits, privileges, terms, and conditions of the contractual relationship.

37. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

38. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

39. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

40. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Discrimination)

41. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

42. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's race, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

43. Plaintiff met or exceeded performance expectations.

44. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

45. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

46. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's race.

47. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

48. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Compensatory and punitive damages;

    d. Reasonable attorneys' fees and costs;

    e. Award pre-judgment interest if applicable; and

    f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 11th day of June, 2024

                                                 /s/ *Chad W. Eisenback*
                                                 **CHAD W. EISENBACK, ESQ.**
                                                 IL Bar No.: 6340657

**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
<u>ceisenback@sulaimanlaw.com</u>
*Attorney for Plaintiff*